UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 23-5411 JWH (PVC) | Date:  August 28, 2023 |
| Title   Jesus Lizarraga v. Stephen Smith, Acting Warden | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNTIMELY**

On May 15, 2023, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254 in the Northern District of California.  ("Petition," Dkt. No. 1 at 6).[1]  The Petition appears to raise two grounds for federal habeas relief: (1) ineffective assistance of trial counsel and (2) violation of due process.[2]  (*Id.* at 5).  On June 29, 2023, the case was transferred to this court.  (Dkt. No.

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was May 15, 2023.  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).  For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

[2] Stephen Smith, Acting Warden at Pelican Bay State Prison (PBSP), where Petitioner is currently incarcerated, is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                              Date:  August 28, 2023

Title         Jesus Lizarraga v. Stephen Smith, Acting Warden

6).  However, it appears that Petitioner's claims are subject to dismissal because they are untimely.

### Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  AEDPA's one-year limitations period begins to run from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                                                Date:  August 28, 2023

Title        Jesus Lizarraga v. Stephen Smith, Acting Warden

28 U.S.C. § 2244(d)(1)(A)–(D).  Here, the applicable limitations period is that set forth in § 2244(d)(1)(A).

    A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  On June 13, 2014, a Los Angeles County Superior Court jury, in case no. TA130084, found Petitioner guilty of second-degree murder.[3]  (Pet. at 21).  The trial court sentenced Petitioner to 40 years to life in state prison.  (*Id.* at 1).  On December 7, 2015, the California Court of Appeal in case number B258261 modified the judgment to impose and stay a 10-year sentence and a 20-year sentence for firearm enhancements.  *People v. Lizarraga*, No. B258261, 2015 WL 8025920, at *10–11 (Cal. Ct. App. Dec. 7, 2015).[4]  The California Supreme Court then denied his petition for review on February 17, 2016.  *See* California Appellate Court Case Information, case no. S231717.[5]  Because it appears that Petitioner did not file a certiorari petition in the United States Supreme Court (*see* Pet. at 3), the judgment became final 90 days later, on May 17, 2016.  *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (holding that the period of "direct review" for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); *see also* Sup. Ct. R. 13.1 (allowing a petition for a writ of certiorari seeking

---

    [3] While the Petition states that Petitioner was sentenced on July 22, 2013 (Pet. at 1), this was the date of the murder.  *See People v. Lizarraga*, No. B258261, 2015 WL 8025920, at *1 (Cal. Ct. App. Dec. 7, 2015).

    [4] The superior court filed an amended abstract of judgment on March 30, 2016.  (Pet. at 21–22).

    [5] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/index.cfm> ("Cal. Case Info.").  *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the internet, from petitioner's state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                                                  Date:  August 28, 2023

Title   Jesus Lizarraga v. Stephen Smith, Acting Warden

review of a judgment of a state court of last resort to be filed "within 90 days after the entry of judgment").  Accordingly, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on **May 17, 2017.**  The instant Petition was not filed until May 15, 2023.  Therefore, absent tolling, it is untimely by *almost six years*.

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  In July 2018, Petitioner filed a habeas petition in Los Angeles County Superior Court, which was denied on December 19, 2019.  (Pet. at 3); *see People v. Lizarraga*, No. B299939, 56 Cal. App. 5th 201, 204 (2020).  In connection with this habeas petition, Petitioner filed a "Notice of Motion and Motion to Remand Case to Juvenile Court in light of Proposition 57," which the superior court denied.[6]  *Lizarraga*, 56 Cal. App. 5th at 204–05.  On appeal of the superior court's denial of Petitioner's Proposition 57 motion, the California Court of Appeal affirmed.  *Id.* at 210.  The California Supreme Court denied review on February 10, 2021.  *See* California Appellate Court Case Information, case no. S265810.  Petitioner also filed a habeas petition in the California Court of Appeal on April 29, 2022, which was denied on May 20, 2022, and a habeas petition in the California Supreme Court on August 8, 2022, which was denied on November 9, 2022.  *See* California Appellate Court Case Information, case nos. B319973 and S275879.  Petitioner has another habeas case pending in the California Court of Appeal, which he filed on March 7, 2023.  *See* California Appellate Court Case Information, case no. B329226.  **However, a state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock.**  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period

---

[6] "Proposition 57, among other things, repealed the statutory provision permitting the direct filing of juvenile cases in adult criminal court." *Lizarraga*, 56 Cal. App. 5th at 204.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                                               Date:  August 28, 2023

Title          Jesus Lizarraga v. Stephen Smith, Acting Warden

that has ended before the state [habeas] petition was filed."); *Roberts v. Marshall*, 627 F.3d 768, 771 n.4 (9th Cir. 2010) ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal. 2013) (the filing of a state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823).  Accordingly, it appears that the filing of the July 2018 habeas petition in the Los Angeles County Superior Court would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For example, to claim an entitlement to statutory tolling, Petitioner must identify any relevant state court filing not identified in this Order, such as any habeas petition filed in any state court *prior to the limitations period expiring on May 17, 2017*.  Petitioner must also indicate, to the extent possible, the court in which the state petition was filed, the case number, the date it was filed, and the date on which it was denied.  If possible, Petitioner should attach a copy of any such petition as an exhibit to his response to the Order to Show Cause.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted).  "The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule."  *Mendoza v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                                    Date:  August 28, 2023

Title          Jesus Lizarraga v. Stephen Smith, Acting Warden

*Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); *accord Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

      Petitioner is advised that he bears the burden of demonstrating an entitlement to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling"); *see also Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.

      Petitioner argues that the AEDPA limitations period does not apply to his case because he is "factually innocent" of the convicted crimes.  (Pet. at 15).  Indeed, "federal courts [have] equitable discretion to hear the merits of procedurally-defaulted habeas claims where the failure to do so would result in a 'fundamental miscarriage of justice,' such as the conviction of an actually innocent person."  *Lee v. Lampert*, 653 F.3d 929, 933–34 (9th Cir. 2011) (citing *Schlup v. Delo*, 513 U.S. 298, 320–21 (1995)).  Thus, "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits."  *Lee*, 653 F.3d at 932.  Nevertheless, "[i]n order to present otherwise time-barred claims to a federal habeas court under *Schlup,* a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases implicating a fundamental miscarriage of justice."  *Id.* at 938 (citation omitted).  Moreover, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327.  Here, Petitioner does not claim that he is innocent of *killing* his victim; instead, he asserts that because he fired his gun in self-defense, he is "actually innocent of murder in any degree" and should have been charged with manslaughter.  (Pet. at 15, 19).  However, these arguments go to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                                       Date:  August 28, 2023

Title           Jesus Lizarraga v. Stephen Smith, Acting Warden

Petitioner's "legal innocence" not his "factual" or "actual" innocence.  And to present an otherwise time-barred claim to a federal habeas court under *Schlup*, Petitioner must demonstrate that he "is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error."  *Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2002) (citation omitted); *see Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) ("Mr. Beavers does not claim that he is innocent of killing Raymond Matthews.  Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense.  However, these arguments go to legal innocence, as opposed to factual innocence."); *Felix v. Cate*, No. CV 11-7713, 2012 WL 2874398, at *12 (C.D. Cal. May 8, 2012) (finding that petitioner's heat of passion argument for killing his estranged wife was a "legal innocence" argument not a "cognizable actual innocence claim"), *report and recommendation adopted*, No. CV 11-7713, 2012 WL 2873891 (C.D. Cal. July 13, 2012); *Burleson v. California Dep't of Corr. & Rehab.*, No. C 08-01853, 2009 WL 2941516, at *4 (N.D. Cal. Sept. 10, 2009) ("Petitioner admits to having committed the killing, but maintains that the offense should have been voluntary manslaughter instead of second degree murder, based on a theory of imperfect self-defense.  …  This Court finds Petitioner's claim to be closer to establishing his legal innocence, rather than his factual innocence."), *aff'd sub nom. Burleson v. Dir. of California Dep't of Corr. & Rehab.*, 490 F. App'x 902 (9th Cir. 2012), a*s amended on denial of reh'g* (Dec. 4, 2012); *see also Green v. Shinn*, No. CV 22-01390, 2023 WL 4034857, at *20 (D. Ariz. May 25, 2023) ("Petitioner's argument that the trial court failed to give a lesser-included offense instruction merely asserts legal innocence, as opposed to factual innocence.  Such a claim is insufficient to establish actual innocence."), *report and recommendation adopted*, No. CV-22-01390, 2023 WL 4031962 (D. Ariz. June 15, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                                       Date:  August 28, 2023

Title            Jesus Lizarraga v. Stephen Smith, Acting Warden

**Conclusion and Order**

For the reasons stated above, based upon the Petition as currently submitted, the statute of limitations triggered by 28 U.S.C. § 2244(d)(1)(A) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **30 days** of the date of this Order, why this action should not be dismissed as untimely pursuant to the AEDPA one-year limitations period.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.[7]

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience**.  **However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

---

[7] Even if Petitioner is entitled to tolling, Petitioner has not demonstrated that he exhausted his claims in the state courts.  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-5411 JWH (PVC)                    Date:  August 28, 2023

Title      Jesus Lizarraga v. Stephen Smith, Acting Warden

     **Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.  *See* Fed. R. Civ. P. 41(b).**

     The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

     IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |