1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**

10  JESUS LIZARRAGA,  | Case No. CV 23-5411 JWH (PVC)
11      Petitioner,
12      v.  | **ORDER DENYING CERTIFICATE OF APPEALABILITY**
13  STEPHEN SMITH, Acting Warden,[1]
14      Respondent.

---

[1] Stephen Smith, Acting Warden at Pelican Bay State Prison, where Petitioner is currently incarcerated, is substituted for his predecessor pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

By separate Order and Judgment filed concurrently herewith, the Court has determined that habeas relief should be denied and this action should be dismissed without prejudice. Under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the appellant first obtains a certificate of appealability ("COA"). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must therefore "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Section 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has made clear that Section 2253(c)(2) does not bar appellate review when a district court's rejection of a state prisoner's habeas petition rests on procedural grounds. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In such cases, a COA may issue when two showings are made:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Both showings, one directed at the underlying constitutional claims and the other directed at the district court's procedural holding, must be satisfied before the Court of Appeals "may entertain the appeal." *Id.* at 485.

In resolving the COA issue, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* To that end,

the law "allows and encourages the court to first resolve procedural issues" before addressing constitutional questions. *Id.* Accordingly, the Supreme Court instructs:

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* at 484.

Here, the Petition was denied on procedural grounds, *i.e.*, because it was untimely. Petitioner has not filed an application for a certificate of appealability. The Court has independently reviewed its decision and finds that reasonable jurists would not find debatable the propriety of the Petition's dismissal. Accordingly, the Court declines to issue a COA.

**IT IS SO ORDERED.**

DATED: November 1, 2023

JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

3